PATRICK KELLY, Appellant, *against* THE ANCIENT ORDER OF HIBERNIANS, Respondent.

(Decided June 7th, 1880.)

Provisions of the constitution and by-laws of a benevolent society, allowing benefits "in case of sickness," and providing that "when any member . . . takes sick," he shall be entitled to such benefits "if it be so that he is not able to attend to his daily labor," do not extend to a case of a permanent bodily injury which does not affect the general health of the person injured.

APPEAL from a judgment of this court entered on the report of a referee.

The defendant in this action is a corporation organized under the laws of the State of New York providing for the incorporation of benevolent, charitable, scientific and missionary societies, and the acts amendatory thereof or supplementary thereto.

The preamble to the constitution of the defendant's organization declares that the intent and purpose of the order is " to promote friendship, unity and true Christian charity among its members by raising or supporting a stock or fund of money for maintaining the aged, sick, blind and infirm members, and no other purpose whatsoever."

Prior to the 9th of April, 1877, the defendant had adopted for the government of its corporate action a certain constitution, and certain by-laws, which were then in force and which are still now in force.

Article 12, section 7, of the constitution is as follows: " Any member who, in any way by his own means, renders himself liable to sickness, accident or death, shall not be entitled to any benefits."

Article 16, of the constitution, is as follows: " The initiation fee of the order shall be three dollars, the monthly dues shall not be less than thirty-five cents. The weekly benefits in

case of sickness shall be five dollars, and on the death of a member, the sum of fifty dollars shall be appropriated to defray the funeral expenses."

Section 9 of the by-laws is as follows: "When any member of this order takes sick, a visiting committee belonging to the division of which he is a member shall visit him, and should they neglect to do so, each of them shall be fined in the sum of one dollar. When said committee shall report the state of his health, and if it be so that he is not able to attend to his daily labor, the president shall give an order on the treasurer, signed and countersigned by the secretary, for the sum of five dollars for each week during his sickness, and should he die, the sum of fifty dollars shall be allowed to defray his funeral expenses. Any officer or member neglecting to attend his funeral shall be fined in the sum of one dollar, and be deprived of the benefits of the order till such time as said fine is paid."

Section 20 of the by-laws is as follows: "Any brother who shall cause himself to be reported sick, or receiving benefits from his division, who may be found imposing thereon, by feigning sickness or disability, shall be expelled."

On the 9th of April and for six months prior thereto, the plaintiff had been a member of the said corporation and had duly paid his initiation fee, and all fines, fees and dues required, and was in good and regular standing, and entitled to all the benefits accruing from such membership.

On said last mentioned day, in the city of New York, the plaintiff was severely injured and crippled as to his left leg in the due course of his employment as a coachman, and without any fault, means or agency on his part, and in consequence of such bodily injury, has, ever since, been unable to perform the duties of a coachman, and unable to perform severe manual labor, and in all probability will forever continue to be unable to perform the duties of a coachman or to perform severe manual labor.

The injury consisted of the fracture of the thigh bone and shortening of the left leg, and the eversion of the foot.

Since the 8th day of October, 1877, the plaintiff had been

Kelly v. Ancient Order of Hibernians.

in such physical condition as to be able to do manual labor of a light character.

The plaintiff had been trained to and had passed his whole life in the vocation of a coachman, and was at the time of the trial about forty-nine years of age.

Having paid the plaintiff $5 a week for twenty-six weeks after the injury, the defendant refused to make any further payment, upon the ground that under the constitution and by-laws he was not entitled thereto. The plaintiff thereupon commenced this action to recover $5 a week from the 8th day of October, 1877, until the 11th day of February, 1879. A reference having been ordered, the referee reported in favor of the defendant, and judgment for the defendant was entered upon this report. From the judgment the plaintiff appealed.

*George S. Hastings*, for appellant.

*Charles S. Spencer*, for respondent.

VAN BRUNT, J.—[After stating the facts as above.]—The question involved in this appeal is whether or not a permanent injury to limb constitutes "sickness" within the provision of article 16 of the constitution of the defendant, so as to entitle the party suffering such injury to participate in the benefits of the association. A very brief examination of the meaning of the words "sick" and "sickness" would seem to demonstrate that such an injury is not within the contemplation or scope of the article in question. "Sick" is defined to be: 1st. Affected with or attended by nausea, inclined, or inclining to vomit; as sick at the stomach, a sick headache; 2d. Having a strong dislike, disgust with, of: as to be sick of flattery, to be sick of a country life. 3d. Affected with diseases of any kind; ill; indisposed; not in health.

"Sickness" is defined to be : 1st. The state of being sick or diseased. 2d. A disease or malady.

"Ill" is defined to be sick, indisposed, unwell, diseased, disordered.

It will be seen by these definitions that the words "sickness"

and "illness" apply solely to diseased condition of the organs of the human system. You would say that a man was sick of a fever, but you would never say that he was sick of a broken leg. Although a party may have lost some limb, yet he may be in perfect health, and although he may be disabled from manual labor in consequence of such loss it cannot be said that he is either "ill" or "sick." It would therefore seem to be reasonable to conclude that under the term "sickness," no bodily injury would be included unless the general health was impaired.

It is true that article 9 of the by-laws says when any member of this order becomes sick, and he is so sick that he is not able to attend to his daily labor, he is entitled to the benefits; but the reason for his not being able to attend to his daily labor must be that he is "sick," and if he is unable to attend to his daily labor for any reason which is not the result of sickness, he does not come within the provisions above named.

Our attention has been called by the counsel for the appellant to the case of *Burton* v. *Eyden* (8 Q. B. 295), where the court held insanity to be within the rules of a benefit society. It is sufficient to say that insanity has always been considered a disease, and comes strictly within the meaning of the term "sickness."

I am unable to see how the term "sickness" can be extended to a case of permanent bodily injury, which does not affect the general health of the party injured.

The judgment must be affirmed.

LARREMORE, J., concurred.

Judgment affirmed, with costs.