### VILLONE v. GUARDLA PERTICARA.

(Supreme Court, Appellate Term.   February 5, 1909.)

1. BENEFICIAL ASSOCIATIONS (§ 18*)—RIGHT TO BENEFITS—"SICKNESS."

A bite over the eye by a dog, causing the eye to swell, so that the injured person could not wear glasses, necessary in his business, and consequently preventing him from working at his trade, was not "sickness," within a benefit society by-law granting sick benefits in cases of sickness, barring sickness admittedly chronic or pre-existent at the person's admission to membership.

[Ed. Note.—For other cases, see Beneficial Associations, Cent. Dig. § 42; Dec. Dig. § 18.*

For other definitions, see Words and Phrases, vol. 7, pp. 6502, 6503.]

2. BENEFICIAL ASSOCIATIONS (§ 18*)—RIGHT TO BENEFITS—"SICKNESS."

The bite not having affected the injured person's general health, he not having been in bed at all in consequence of the bite, but having been able to get around as if nothing had happened, except that his eye was affected, did not produce "sickness," within the meaning of the society by-laws.

[Ed. Note.—For other cases, see Beneficial Associations, Cent. Dig. § 42; Dec. Dig. § 18.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Filippo Villone against Guardla Perticara.   Judgment for defendant, and plaintiff appeals.   Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

John J. Freschi, for appellant.
William J. A. Caffrey, for respondent.

GIEGERICH, J.   The defendant is a benefit society, and the action is brought to recover a so-called "sick benefit" under provisions of its by-laws which read as follows:

"The society grants sick benefits in all cases of sickness, barring any sickness admittedly chronic or pre-existent to the time of the patient's admission to membership. * * *

"In respect to their proportions, the allowances granted by the society are to be divided as follows: Each member shall be entitled to $7.00 a week for any ordinary sickness exceeding three days, up to a period of three months."

The plaintiff testified that he was a member of the society and a ladies' tailor by occupation; that on a day named he was bitten over the right eye by a dog; that the eye swelled and became black and blue; that he necessarily wore spectacles in his work, but was unable to wear them after the injury, and could not work during the period

for which he claimed to recover. On cross-examination, the plaintiff testified that he was not in bed at all in consequence of the injury; that he could go around just as though nothing had happened, except that he had something the matter with his eye; and that his general health was all right. The defendant offered no testimony, but moved to dismiss the complaint. Judgment was afterwards rendered in its favor, and the plaintiff appeals.

While there is no dispute that the plaintiff was injured in the manner testified to by him, we do not think that he has brought himself within the provisions of the by-laws relating to benefits in cases of sickness. The injury in itself could not be described as sickness (Kelly v. Ancient Order of Hibernians, 9 Daly, 289), and it is clear from the plaintiff's testimony on cross-examination that it did not produce illness or sickness.

The judgment should therefore be affirmed, with costs. All concur.