## AMERICAN NAT. INS. CO. v. DENMAN.
### (No. 55.)

(Court of Civil Appeals of Texas. Waco.
March 6, 1924. Rehearing Denied
April 10, 1924.)

Insurance ⬪524—"Bodily disease or illness" in health policy embraces insanity.

In health insurance policy providing for payments during a period when insured is wholly disabled and prevented by bodily disease or illness from performing duties pertaining to his business, the words "bodily disease or illness" embrace insanity.

Appeal from McLennan County Court; Giles P. Lester, Judge.

Action by Sam Denman, by next friend, against the American National Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Williams & Williams and Lud J. Lincoln, all of Waco, for appellant.

Howell L. Taylor, of Waco, for appellee.

BARCUS, J. On May 6, 1910, appellant issued its accident and health insurance policy, payable to appellee Sam Denman. Among other provisions, under the head of "Health Insurance" the policy provides that appellant will pay appellee "at the rate of thirty dollars per month, for a period not exceeding six consecutive months, during which the insured shall be necessarily and continuously confined in the house and therein regularly attended by a legally qualified physician and wholly disabled and prevented by bodily disease or illness from performing any and every duty pertaining to any business or occupation."

Appellee paid his monthly premium from May, 1910, the date of policy, until May 1922. About May 1, 1922, appellee was adjudged insane, and since said time has been confined as an inmate in the state insane asylum. Appellant was notified of appellee's insanity, and at once wrote a letter denying all liability to plaintiff, and refused to pay any sum and canceled the policy.

The cause was tried to the court, and judgment was entered under the above clause for the appellee for $180, six months' sick benefit, and $50 attorney's fees, and $22.60.

There is an agreement in the statement of facts by appellant and appellee that—

"If the plaintiff is entitled to recover any sum or sums, that the amount of damages, penalty, interest and attorney's fees stipulated in the judgment herein rendered by the county court of McLennan county is correct and proper."

The sole question involved in this litigation is as to whether insanity is a "bodily disease or illness." The appellant contends that insanity is a mental disease and not a bodily disease, and that the words "bodily disease or illness" contained in the policy do not embrace and it was not the intention that they should embrace insanity.

There is nothing in the statement of facts showing what caused or might have caused the appellee to become insane.

More has been written by medical experts about insanity and it has caused more litigation than any other one subject. As to what insanity is and its causes are unsettled questions. The English jurist Lord Justice Blackburn once said:

"I have read every definition of insanity which I could meet with, and never was satisfied with one of them, and have endeavored in vain to make one satisfactory to myself. I verily believe that it is not in human power to definitely define insanity."

Dr. Frederick Peterson, a noted medical writer, gives this crisp definition:

"Insanity is a manifestation in language or conduct of disease or defect of the brain."

Some of the writers say insanity is a mental disease and not a bodily disease. The weight of opinion among the medical fraternity is that insanity is hereditary or caused from some disease; that if a person who has had a normal mind becomes insane, it is caused by some bodily infirmity or disease which weakens certain portions of the human anatomy and finally strikes the brain.

In 14 R. C. L. p. 1249, it is said that where a policy of insurance provides for insurance against sickness, insanity is covered thereby and is embraced under the "sickness or other disability" clause.

In Connecticut Mutual Ins. Co. v. Akens, 150 U. S. 468, 14 Sup. Ct. 155, 37 L. Ed. 1148, the Supreme Court of the United States, speaking through Mr. Justice Gray, in discussing the question as to whether a

man who was insane had taken his own life, held that it was not suicide for an insane person to kill himself, for the reason if a person was insane he was not responsible for his acts; and in defining the word "disease" said:

"The word 'disease,' unrestricted by anything in the context, includes disease of the mind as well as disease of the body."

In the case of Insurance Co. v. Crandal, 120 U. S. 527, 7 Sup. Ct. 685, 30 L. Ed. 740, it is stated that bodily disease or illness does not include insanity. However, that question was not involved, and we do not believe it is a proper construction to place on the Crandal Case to hold that it was intended by said decision to lay down the doctrine that insanity was never a disease. In the Insurance Co. v. Akens Case, supra, which was written after and referred to the Crandall Case, Mr. Justice Gray, who wrote both opinions, defined insanity as a disease.

In McCullough v. Expressmen's Mutual Benefit Ass'n, 133 Pa. 142, 19 Atl. 355, 7 L. R. A. 210, the Supreme Court of Pennsylvania held that insanity was sickness within the society's rules, which provided for sick benefits to any member who through sickness or disability was unable to follow his business; and to the same effect is the holding by the Supreme Court of Rhode Island in the case of Robillard v. Société St. Jean Baptiste de Centreville, 21 R. I. 348, 43 Atl. 635, 45 L. R. A. 559, 79 Am. St. Rep. 806.

It is indeed difficult to disconnect and disassociate the mind and brain of a man from his body. It is hard to imagine a stout healthy man becoming insane without some bodily disease. It is a known fact that many diseases develop into or cause insanity. St. Paul, discussing the different members of the body, said:

"For the body is not one member, but many. If the foot shall say, Because I am not the hand, I am not of the body; is it therefore not of the body? And if the ear shall say, Because I am not the eye, I am not of the body; is it therefore not of the body? If the whole body were an eye, where were the hearing? If the whole were hearing, where were the smelling? But now hath God set the members every one of them in the body, as it hath pleased him. And if they were all one member, where were the body? But now are they many members, yet but one body. And the eye cannot say unto the hand, I have no need of thee; nor again the head to the feet, I have no need of you." 1 Cor. 12: 14-21.

A bodily disease may not be a mental disease, but a mental disease is necessarily a bodily disease. The body is not composed simply of the hands and feet and eyes, but is composed as well of the brain and the mind and the reasoning power. Unquestionably, a foot or hand disease is a bodily disease. We see no reason why a brain disease would not be a bodily disease. We are of the opinion that the words "bodily disease or illness" as used in the policy embrace insanity.

The judgment of the trial court should be affirmed.